**2002–1549.   State ex rel. Howard v. McDonald.**
In Mandamus. On response to show cause order. Show cause order vacated.
MOYER, C.J., and LUNDBERG STRATTON, J., dissent and would order sanctions.

**2002–1599.   N. Coast Community Homes, Inc. v. Zaino.**
Board of Tax Appeals, No. 2001–J–1065. On motion to vacate decision and order of the Board of Tax Appeals and motion to remand case to the Board of Tax Appeals. Motions granted.

**2002–1672.   State ex rel. Smith v. Dickinson.**
In Mandamus and Prohibition. On documentation in support of award of attorney fees and sanctions of Max Rothal, Patrick and Brian Armstead et al., and documentation in support of an award of attorney fees and costs of Perry Dickinson. Attorney fees and costs granted.
PFEIFER, J., dissents.
Sanctions denied.
RESNICK, F.E. SWEENEY and LUNDBERG STRATTON, JJ., dissent.

**2002–2069.   Lake Lane Emp. Group of Akron, LLC v. Columber.**
Summit App. No. 21084, 2002-Ohio-5551. On motion to withdraw as counsel of Frederick M. Lombardi, Christopher C. Esker, and Walter A. Lucas. Motion granted.
PFEIFER and O'CONNOR, JJ., dissent.

**2002–2128.   State ex rel. Webb v. Bliss.**
In Mandamus. On answer of respondent and motion for judgment on pleadings. Sua sponte, alternative writ granted.

**2002–2138.   Saunders v. Mortensen.**
Erie App. No. E–02–008, 2002-Ohio-6244. On review of order certifying a conflict. The court determines that a conflict exists. The parties are to brief the issue stated at page 11 of the court of appeals' Decision and Judgment Entry dated November 15, 2002:
   "The question presented is whether the language of Nationwide Insurance Endorsement 2352 may be reasonably construed in the manner articulated by this court and the Franklin County Court of Appeals in *Nicolini–Brownfield v. Eigensee* (Sept. 16, 1999), Franklin App. No. 98AP–1244 [1999 WL 717308], so as to give rise to an ambiguity in underinsured motorists coverage."
RESNICK, F.E. SWEENEY and PFEIFER, JJ., dissent.
   The conflict case is *Carroll v. Allstate Ins. Co.*, 148 Ohio App.3d 413, 2002-Ohio-3074, 773 N.E.2d 1061.

**2002–2158.   Thorne v. Amerisure Ins. Co.**
Summit App. No. 21137, 2002-Ohio-6123. On review of order certifying a conflict. The court determines that a conflict exists. Sua sponte, cause held for the decision in 2002–0932, *Westfield Ins. Co. v. Galatis,* Summit App. No. 20784, 2002-Ohio-1502; briefing schedule stayed.
   LUNDBERG STRATTON, J., would accept the conflict but would hold the cause for the decision in 2002–0579, *Burkhart v. CNA Ins. Co.,* Stark App. No. 2001CA00265, 2002-Ohio-903.
   F.E. SWEENEY, J., dissents.

**2002–2189.   State ex rel. Barletta v. Fersch.**
In Mandamus. On S.Ct.Prac.R. X(5) determination and on consideration of motions to intervene of Dominion Homes, Inc., Princeton Capital Group, LLC, and Weston Investments, LLC.
   It is hereby ordered that the motions of Dominion Homes, Inc., Princeton Capital Group, LLC, and Weston Investments, LLC, be, and hereby are, granted, and that they be, and hereby are, permitted to intervene as respondents.
   COOK, J., not participating.
   It is further ordered that an alternative writ be, and hereby is, granted.
   COOK, J., not participating.